IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:08-CR-37-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | )<br>)<br>) |
| v. | )    **O R D E R** |
| | ) |
| JERROD SMITH,<br>        Defendant. | )<br>) |

This matter is before the Court on defendant's *pro se* motion to receive jail credit. [DE 60]. The government has responded and, for the following reasons, defendant's motion is denied.

## BACKGROUND

Defendant pleaded guilty conspiracy to possess with intent to distribute and distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. Defendant was sentenced 144 months' imprisonment on March 17, 2009. On September 13, 2013, defendant's sentence was reduced to 120 months pursuant to defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that had subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Defendant filed the instant motion on April 18, 2016, requesting that seven months of jail credit be applied to his federal sentence.

## DISCUSSION

The Court must begin by properly characterizing this motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Further, this motion cannot be

construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). Because this Court does not perceive any clerical errors in defendant's sentence, and defendant does not argue that a clerical error exists, Rule 36 has no application here.

Therefore, this motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, which is the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 53 (1995).

> In calculating a term of imprisonment
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). However, "it is the Attorney General, and not the sentencing court, that computes the credit due under § 3585(b)." *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995). Defendant cannot, therefore, assert a claim for judicial relief before exhausting the prescribed administrative remedies made available to him. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006); *Reno*, 515 U.S. at 53 (habeas corpus petition seeking custody credit filed after exhaustion of administrative remedies).

It appears from the record that defendant has not exhausted the administrative remedies made available to him as to this claim. *See* [DE 63-1]. Defendant has further failed to present any sufficient basis upon which to excuse his failure to exhaust. *See McClung v. Shearin*, 90 Fed.

2

App'x 444, 445 (4th Cir. 2004) ("Failure to exhaust may only be excused upon a showing of cause and prejudice"); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (cause requirement satisfied where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies"). As defendant has not exhausted his administrative remedies, this Court is without jurisdiction to consider his claim at this time.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 60] on is DENIED.


SO ORDERED, this **20** day of December, 2016.

                                                         TERRENCE W. BOYLE
                                                         UNITED STATES DISTRICT JUDGE